UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

BRIDGEWAY INSURANCE COMPANY,

        Plaintiff,

v.

FRANKLIN STREET INSURANCE
SERVICES LLC,

        Defendant.

## COMPLAINT

Plaintiff Bridgeway Insurance Company ("Bridgeway"), by and through its undersigned counsel, for its Complaint against Franklin Street Insurance Services LLC ("Franklin Street"), alleges as follows:

### NATURE OF THE ACTION

1. Franklin Street, an insurance broker, has been sued by its client Milton Jones Management Corporation ("Milton Jones") for acts and omissions that occurred in 2017. Yet Franklin Street seeks coverage under a claims-made insurance policy issued by Bridgeway that covers the period from March 1, 2025 to March 1, 2026. Milton Jones's lawsuit plainly does not come within the scope of coverage of Bridgeway's policy. Bridgeway therefore brings this action for a declaration that it owes no duty to defend or indemnify Franklin Street for alleged conduct that took place long before the time period that the policy covers.

### PARTIES

2. Bridgeway is a Delaware corporation with its principal place of business in New Jersey.

3. Franklin Street is a limited liability company organized under Florida law with its principal place of business in Tampa, Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201(a) and 28 U.S.C. § 1332(a)(1). Upon information and belief, no member of Franklin Street is a citizen of Delaware or New Jersey, and therefore the parties are citizens of different states. In addition, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has general personal jurisdiction over Franklin Street because it is domiciled in this State. This Court also has specific personal jurisdiction over Franklin Street pursuant to Fla. Stat. § 48.193(1)(a)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Franklin Street is subject to this Court's personal jurisdiction with respect to this action. *See* 28 U.S.C. § 1391(c)(2). Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, among other things, much of the conduct giving rise to this action took place in this district and the property at issue in the underlying action is located in this district.

## FACTUAL BACKGROUND

A.   **The Policy Issued By Bridgeway To Franklin Street**

7. Bridgeway insures Franklin Street under a Miscellaneous Professional Liability Policy covering the period from March 1, 2025 to March 1, 2026 (the "Policy"). The Policy provides coverage, pursuant to its terms and conditions, up to a limit of $5 million per claim and in the aggregate, subject to a $100,000 self-insured retention for each claim. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

8. The Policy is a claims-made policy that covers "damages and claim expenses in excess of the [self-insured retention]" provided that all four elements of the Policy's insuring clause are satisfied. Policy § I; *see also* Policy, Self-Insured Retention Endorsement (amending the Policy from using a deductible to using a self-insured retention).

9. First, the damages or claim expenses must "aris[e] out of a claim first made against [Franklin Street] during a policy year…." Policy § I.

10. Second, the claim must arise out of an "actual or alleged act or omission … in the performance of professional services…." *Id.* The Policy defines "professional services" as "solely for services as an insurance agent and broker." Policy, Declarations, Item 7.

11. Third, Franklin Street must show that:

> Prior to … the effective date of the first policy issued by [Bridgeway] and continuously renewed of which this is the last in the series of continuously renewed policies no Insured had a basis to believe that either a duty had been breached or that any such acts or omissions, or related acts or omissions, might reasonably be expected to be the basis of a claim.

Policy § I.1. The Policy at issue in this case is the last in a continuous series of policies issued by Bridgeway, the first of which had an effective date of March 1, 2022. A true and correct copy of that first policy is attached hereto as **Exhibit B**.

12. Fourth, the acts or omissions giving rise to the claim must have "occurred or are alleged to have occurred on or after the retroactive date as specified in Item 6. in the Declarations." Policy § I.2. The Policy's retroactive date is March 1, 2020. *See* Policy, Declarations, Item 6.

13. The Policy requires Bridgeway to defend claims made against Franklin Street, but only if they are covered. *See* Policy § II. If the claim does not satisfy all four elements of the Policy's insuring clause, Bridgeway has no duty to defend or indemnify Franklin Street.

### B. The Claim Against Franklin Street

14. This action arises out of a lawsuit (the "Fiduciary Duty Action") filed against Franklin Street by Milton Jones. A true and correct copy of the Complaint in the Fiduciary Duty Action is attached hereto as **Exhibit C**.

15. According to the Complaint's allegations, in 2017, Milton Jones engaged Franklin Street to act as its insurance broker to procure property insurance for the Regal Trace Apartments in Fort Lauderdale, Florida (the "Property"). *See* Ex. C, ¶ 7.

16. Franklin Street successfully procured coverage for the Property (the "Property Policy") from a market of insurers (the "Property Insurers"). *See id.* ¶ 8.

17. On September 10, 2017, Hurricane Irma made landfall and caused damage to the Property. *See id.* ¶¶ 10-11.

18. On September 14, 2017, Milton Jones notified Franklin Street via email that the Property had sustained damage from Hurricane Irma. *See id.* ¶ 15.

19. In the same September 14, 2017 email, Milton Jones also requested that Franklin Street provide advice concerning the application of the Property Policy's deductible. *See id.*

20. Franklin Street employees Eric Smith and Ryan Cassidy advised Milton Jones that the Property Policy's deductible would be calculated as $50,000 per building. *See id.* ¶ 16. Because the Property contained 34 buildings that had sustained damage, this meant that the total deductible would be $1.7 million, according to Franklin Street's advice. *See id.* ¶ 17.

21. Milton Jones obtained an estimate for the damage to the Property, but the estimate was less than the deductible calculated by Franklin Street. *See id.* ¶¶ 18-19.

22. As a result, Franklin Street advised Milton Jones not to file a claim under the Property Policy. *See id.* ¶ 39. In addition, Franklin Street never advised Milton Jones that it was required to submit a notice to the Property Insurers at the time of loss. *See id.* ¶¶ 29, 41. Based on

4

Franklin Street's advice, Milton Jones did not initially report the hurricane damage to the Property Insurers. *See id.* ¶ 40.

23. Milton Jones spent its own money to repair the Property, but tenants continued to complain about leaks and other issues associated with roof damage. *See id.* ¶¶ 20-21. Milton Jones then retained a public adjuster, who inspected the property and estimated the total loss to be more than $15.9 million. *See id.* ¶¶ 22-23.

24. Milton Jones contacted Franklin Street to confirm its interpretation of the Property Policy's deductible and to ask if a claim would still be timely. *See id.* ¶ 24.

25. On September 10, 2020, Franklin Street filed a claim with the Property Insurers. *See id.* ¶ 25 & Ex. C.

26. The Property Insurers denied the claim. *See* Ex. C, ¶ 26. Franklin Street's conduct directly led to the Property Insurers' denial. *See id.* ¶ 51.

27. Milton Street filed a lawsuit against the Property Insurers to recover under the Property Policy (the "Coverage Action"). *See id.* ¶ 26.

28. The Property Insurers argued that Milton Jones failed to report the claim timely, which prejudiced their ability to investigate the claim. *See id.* ¶¶ 27-28.

29. Because Milton Jones was facing the certain and definitive risk of an adverse judgment in the Coverage Action, it settled its case with the Property Insurers for less than the amount of repairs. *See id.* ¶ 31. Milton Jones was forced to enter into this settlement due to its late reporting of its claim based on Franklin Street's advice. *See id.* ¶¶ 42, 51.

30. Milton Jones asserts two causes of action against Franklin Street in the Fiduciary Duty Action: breach of fiduciary duty and negligence. *See id.* ¶¶ 33-52.

31. The Complaint in the Fiduciary Duty Action is silent as to precisely when Franklin Street was on notice that the Property Insurers had denied Milton Jones's claim due to late notice. This is not surprising, as the date of this notice is not relevant to Milton Jones's causes of action against Franklin Street. But the date of notice is specified in both the Complaint and Amended Complaint in the Coverage Action. Furthermore, the Coverage Action was commenced on January 26, 2021, and the Amended Complaint in the Coverage Action was filed on February 18, 2021. True and copies of the Complaint and Amended Complaint in the Coverage Action, and exhibits thereto, are attached hereto as **Exhibits D** and **E**, respectively.

32. The Complaint and Amended Complaint in the Coverage Action clarify that the Property Insurers denied the claim as untimely on or about October 8, 2020. *See* Ex. D, ¶¶ 16, 18; Ex. E, ¶¶ 15, 17. The denial letter, which is attached as an exhibit to the Amended Complaint, copies Eric Smith and Brandy Guzman at Franklin Street. *See* Ex. D, Dkt. 1-4 at 3; Ex. E, Dkt. 31-4 at 3.

33. The Complaint in the Fiduciary Duty Action alleges that Eric Smith is an employee of Franklin Street. *See* Ex. C, ¶ 16.

**C.  Bridgeway Defends Franklin Street Under A Reservation Of Rights While Seeking A Determination Of Its Obligations Under The Policy**

34. After the Fiduciary Duty Action was filed, Franklin Street gave notice to Bridgeway.

35. On May 9, 2025, Bridgeway sent a reservation of rights letter to Franklin Street. A true and correct copy of this letter is attached hereto as **Exhibit F**.

36. In the reservation of rights letter, Bridgeway concluded that coverage was not available for the Fiduciary Duty Action for two reasons.

37. First, the allegations of the Complaint in the Fiduciary Duty Action make clear that Franklin Street's acts and omissions giving rise to that case took place before the Policy's March 1, 2020 retroactive date. *See* Ex. F at 5-6. This means that the Fiduciary Duty Action does not come within the scope of § I.2 of the Policy's insuring clause. *See id.*

38. Second, the allegations of the Complaint in the Fiduciary Duty Action, along with the timing clarification provided by the Amended Complaint in the Coverage Action, make clear that, prior to March 1, 2022, an Insured had a basis to believe that Franklin Street had either breached a duty, or that Franklin Street's acts or omissions might reasonably be expected to be the basis of a claim. *See id.* at 6. This means that the Fiduciary Duty Action does not come within the scope of § I.1 of the Policy's insuring clause. *See id.*

39. Although Bridgeway concluded that the Fiduciary Duty Action is not covered by the Policy, Bridgeway nonetheless agreed to provide a defense to Franklin Street in the Fiduciary Duty Action, once Franklin Street had satisfied the Policy's $100,000 self-insured retention. *See id.*

40. The reservation of rights letter also informed Franklin Street that Bridgeway would file this action to obtain a determination of its obligations under the Policy. *See id.* at 1.

41. Because Franklin Street has sought coverage for the Fiduciary Duty Action, and because Bridgeway has determined that no coverage is available under the Policy, a real and justiciable controversy exists between the parties.

## CAUSES OF ACTION

### Count I
### Declaratory Judgment – No Duty To Defend Or Indemnify
### (Policy § I.2)

42. Bridgeway repeats and realleges the allegations of all prior paragraphs as if fully set forth herein.

7

43. The Policy is a valid contract between Bridgeway and Franklin Street.

44. The Policy provides coverage only if all four elements of the Policy's insuring clause are satisfied (and no other term or condition of the Policy bars coverage).

45. The allegations of the Complaint in the Fiduciary Duty Action show that Franklin Street cannot satisfy the Policy's insuring clause.

46. Specifically, the allegations of the Complaint in the Fiduciary Duty Action establish that Franklin Street cannot satisfy Section I.2 of the Policy's insuring clause because the acts and omissions giving rise to the Fiduciary Duty Action are alleged to have occurred prior to the Policy's March 1, 2020 retroactive date.

47. According to the allegations of the Complaint in the Fiduciary Duty Action, Milton Jones first sought advice from Franklin Street concerning the potential claim from Hurricane Irma on September 14, 2017—roughly two-and-a-half years prior to the Policy's retroactive date. As such, the improper advice Franklin Street allegedly gave to Milton Jones, as well as Franklin Street's failure to give proper advice, took place prior to the Policy's retroactive date.

48. For this reason, the Fiduciary Duty Action does not satisfy Section I.2 of the Policy's insuring clause. As a result, the Fiduciary Duty Action does not come within the scope of coverage provided by the Policy and Bridgeway has no duty to defend or indemnify Franklin Street with respect to that action.

### Count II
### Declaratory Judgment – No Duty To Defend Or Indemnify
### (Policy § I.1 – Breach of Duty)

49. Bridgeway repeats and realleges the allegations of all prior paragraphs as if fully set forth herein.

50. The Policy is a valid contract between Bridgeway and Franklin Street.

51. The Policy provides coverage only if all four elements of the Policy's insuring clause are satisfied (and no other term or condition of the Policy bars coverage).

52. The allegations of the Complaint in the Fiduciary Duty Action, along with the clarification provided by the Complaint and Amended Complaint in the Coverage Action, show that Franklin Street cannot satisfy two elements of the Policy's insuring clause.

53. Specifically, the allegations made in the Fiduciary Duty Action, along with the clarification provided by the Complaint and Amended Complaint in the Coverage Action, make clear that Franklin Street cannot satisfy Section I.1 of the Policy's insuring clause because, prior to March 1, 2022, Franklin Street had a basis to believe that it had breached a duty owed to Milton Jones.

54. The Complaint in the Fiduciary Duty Action alleges that Franklin Street had a duty to give advice on insurance matters to Milton Jones. *See* Ex. C, ¶¶ 36-38, 46-49.

55. The Complaint in the Fiduciary Duty Action further alleges that Franklin Street never advised Milton Jones that it was required to submit a notice to the Property Insurers at the time of loss. *See id.* ¶ 29. Moreover, Franklin Street affirmatively advised Milton Jones not to file a claim at the time of the loss. See id. ¶ 39.

56. Franklin Street's incorrect advice and failure to give advice breached the duties Franklin Street owed to Milton Jones. *See id.* ¶¶ 39, 41, 50.

57. On or about October 8, 2020, Franklin Street employee Eric Smith was notified that the Property Insurers had denied the claim as untimely.

58. Eric Smith qualifies as an Insured under the Policy. *See* Policy §§ IV.8, IV.9.d.3.

59. When Franklin Street became aware that the Property Insurers had denied the claim based on a failure to comply with a term of the property insurance policy, Franklin Street

9

necessarily had a basis to believe that it had breached a duty owed to Milton Jones as its insurance broker.

60. As alleged in the Complaint in the Fiduciary Duty Action, Franklin Street had been providing advice to Milton Jones, its client, concerning whether to provide notice to the Property Insurers as well as the timeliness of such notice. The fact that the Property Insurers were able to deny based on untimely notice in and of itself gave Franklin Street a basis to believe that it had breached a duty with respect to its advice to Milton Jones.

61. While it is not necessary for the element of the insuring clause, Franklin Street's alleged breach of duty also gave it a basis to believe that its breach of duty might reasonably be expected to be the basis of a claim by Milton Jones.

62. For this reason, the Fiduciary Duty Action does not come within the scope of coverage specified by Section I.1 of the Policy's insuring clause. As a result, the Fiduciary Duty Action does not come within the scope of coverage provided by the Policy and Bridgeway has no duty to defend or indemnify Franklin Street with respect to that action.

**Count III**
**Declaratory Judgment – No Duty To Defend Or Indemnify**
**(Policy § I.1 – Reasonably Expected Claim)**

63. Bridgeway repeats and realleges the allegations of all prior paragraphs as if fully set forth herein.

64. The Policy is a valid contract between Bridgeway and Franklin Street.

65. The Policy provides coverage only if all four elements of the Policy's insuring clause are satisfied (and no other term or condition of the Policy bars coverage).

66. The allegations of the Complaint in the Fiduciary Duty Action, along with the clarification provided by the Complaint and Amended Complaint in the Coverage Action, show that Franklin Street cannot satisfy two elements of the Policy's insuring clause.

10

67. Specifically, the allegations made in the Fiduciary Duty Action, along with the clarification provided by the Complaint and Amended Complaint in the Coverage Action, make clear that Franklin Street cannot satisfy Section I.1 of the Policy's insuring clause because, prior to March 1, 2022, an Insured had a basis to believe that the acts or omissions that gave rise to the Fiduciary Duty Action might reasonably be expected to be the basis of a claim.

68. The Complaint in the Fiduciary Duty Action further alleges that Franklin Street never advised Milton Jones that it was required to submit a notice to the Property Insurers at the time of loss. *See* Ex. C, ¶ 29. Moreover, Franklin Street affirmatively advised Milton Jones *not* to file a claim at the time of the loss. *See id.* ¶ 39.

69. On or about October 8, 2020, Franklin Street employee Eric Smith was notified that the Property Insurers had denied the claim as untimely.

70. Eric Smith qualifies as an Insured under the Policy. *See* Policy §§ IV.8, IV.9.d.3.

71. When Franklin Street became aware that the Property Insurers had denied the claim based on a failure to comply with a term of the property insurance policy, Franklin Street necessarily had a basis to believe that its acts or omissions as Milton Jones's insurance broker might reasonably be expected to be the basis of a claim.

72. As alleged in the Complaint in the Fiduciary Duty Action, Franklin Street had been providing advice to Milton Jones, its client, concerning whether to provide notice to the Property Insurers as well as the timeliness of such notice. The fact that the Property Insurers were able to deny based on untimely notice in and of itself gave Franklin Street a basis to believe that its acts and omissions with respect to its advice to Milton Jones might reasonably be expected to be the basis of a claim by Milton Jones.

73. For this reason, the Fiduciary Duty Action does not come within the scope of coverage specified by Section I.1 of the Policy's insuring clause.

74. For this reason, the Fiduciary Duty Action does not come within the scope of coverage specified by Section I.1 of the Policy's insuring clause. As a result, the Fiduciary Duty Action does not come within the scope of coverage provided by the Policy and Bridgeway has no duty to defend or indemnify Franklin Street with respect to that action.

## PRAYER FOR RELIEF

WHEREFORE, Bridgeway respectfully requests that the Court enter a judgment:

A. Declaring that Bridgeway has no duty to defend or indemnify Franklin Street with respect to the Fiduciary Duty Action because:

1. The Fiduciary Duty Action does not satisfy Section I.2 of the Policy's insuring clause;

2. the Fiduciary Duty Action does not come within the scope of coverage specified by Section I.1 of the Policy's insuring clause because, prior to March 1, 2022, Franklin Street had a basis to believe that it had breached a duty owed to Milton Jones; and/or

3. the Fiduciary Duty Action does not come within the scope of coverage specified by Section I.1 of the Policy's insuring clause because, prior to March 1, 2022, an Insured had a basis to believe that the acts or omissions that gave rise to the Fiduciary Duty Action might reasonably be expected to be the basis of a claim; and

B. Granting such other and further relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  May 9, 2025 | */s/ Tiffany Rothenberg* |
|  | Tiffany Rothenberg |
|  | Florida Bar No. 1014211 |
|  | MOUND COTTON WOLLAN & GREENGRASS LLP |
|  | 110 East Broward Blvd., Suite 610 |
|  | Fort Lauderdale, Florida 33301 |
|  | (754) 799-2607 |
|  | trothenberg@moundcotton.com |
|  |  |
|  | Guyon H. Knight (*pro hac vice* forthcoming) |
|  | MOUND COTTON WOLLAN & GREENGRASS LLP |
|  | One New York Plaza |
|  | New York, New York 10004 |
|  | (212) 804-4200 |
|  | gknight@moundcotton.com |
|  |  |
|  | *Counsel for Plaintiff* |
|  | *Bridgeway Insurance Company* |

13